## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TASHA KELLY**, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:22-cv-00111-JMC |
| **HARD ROCK CAFÉ INTERNATIONAL (STP), INC. et al**, | * | |
| | * | |
| *Defendants.* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>**MEMORANDUM OPINION**</u>

### I.     BACKGROUND

This is a personal injury case before the Court based on diversity jurisdiction after timely removal by Defendants.  On October 20, 2018, Plaintiff Tasha Kelly ("Plaintiff") was a guest at the Hard Rock Hotel & Casino located in Punta Cana, Dominican Republic ("Hard Rock Hotel Punta Cana" or "Hotel").  (ECF No. 4 at ¶ 4).  Plaintiff alleges that while there, she was in a golf-cart-type vehicle being operated by a hotel employee, that the employee operated the vehicle in a negligent manner, and that Plaintiff was consequently ejected from that vehicle.  *Id.* at ¶¶ 6-7. Based on injuries that she allegedly sustained in that accident, Plaintiff has brought the present negligence lawsuit against Defendants, Hard Rock Café International (STP), Inc. ("Hard Rock STP"), and Hard Rock Café International (USA), Inc. ("Hard Rock USA").  Hard Rock STP is incorporated in New York and maintains its principal place of business in Florida.  (ECF No. 26-2 at ¶ 5).  Hard Rock USA is both incorporated and maintains its principal place of business in Florida.  (ECF No. 26-3 at ¶ 4).

Neither Hard Rock STP nor Hard Rock USA owns or operates the Hard Rock Hotel Punta Cana where the accident that is the basis for this suit took place.  Rather, the Hard Rock Hotel Punta Cana is owned by a Dominican entity pursuant to a licensing agreement with a foreign subsidiary of non-defendant Hard Rock Limited.  (ECF No. 26-2 at ¶ 6).

Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1]  (ECF No. 26).  Plaintiff has filed an Opposition (ECF No. 33) to which Defendants have replied (ECF No. 36).  The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021).  As set forth more fully below, Defendants' Motion to Dismiss is GRANTED.

## II.     STANDARD OF REVIEW

In analyzing a motion to dismiss made pursuant to Rule 12(b)(2), the Court must determine whether the Plaintiff has made a *prima facie* showing of jurisdiction.  *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019).  The requirement of making such a *prima facie* showing "resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.*  In such analysis, the Plaintiff bears the burden of demonstrating that the Court has jurisdiction over each defendant.  *Cleaning Auth., Inc. v. Neubert*, 739 F. Supp. 2d 807, 811 (D. Md. 2010).  In determining whether a plaintiff meets this burden, unlike motions made under Rule 12(b)(6), the scope of this Court's review is not limited to the pleadings, and the Court may appropriately consider affidavits submitted by the parties.  *Hawkins,* 935 F.3d at 226. Nonetheless, the Court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Cleaning Auth., Inc.*, 739 F. Supp. 2d at 811 (quotation marks omitted) (quoting

---

[1] Defendants have also argued in the alternative that venue is inappropriate and that Plaintiff's claims are barred by limitations.  Because the Court finds that it lacks personal jurisdiction, it does not reach Defendants' other arguments.

*Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).  However, a court "need not 'credit conclusory allegations'" in determining whether a plaintiff has met his burden of making a *prima facie* showing of personal jurisdiction.  *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 407 (D.S.C. 2012) (citing *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 WL 691100, at *1 (4th Cir. May 30, 2000)).

## III.    ANALYSIS

"A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if: (1) an applicable long arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993).  Maryland courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the Due Process Clause of the Constitution.  *Carefirst of Md. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mohamed v. Michael*, 279 Md. 653, 370 A.2d 551, 553 (1977)).  "Because the limits of Maryland's statutory authorization for the exercise of personal jurisdiction are coterminous with the limits of the Due Process Clause, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996); *see also Rao v. Era Alaska Airlines,* 22 F. Supp. 3d 529, 539 (D. Md. 2014).

The Supreme Court has recognized two types of personal jurisdiction: (1) general jurisdiction (sometimes call "all-purpose") and (2) specific jurisdiction based on establishing a nexus between a defendant's activity—in or aimed at the state—and the claimed harm.  *Ford Motor Co. v. Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).  For a corporate defendant, general jurisdiction exists only where a defendant is headquartered, incorporated (if different), or, in rare

circumstances, otherwise "essentially at home" in the forum state through its continuous and systematic contacts with that state. *Daimler AG v. Bauman*, 571 U.S. 117, 137-139 (2014). Importantly, being "at home" in a state is not synonymous with "doing business" in the state, and general jurisdiction in a state other than an entity's place of incorporation or principal place of business can only be found in "exceptional case[s]." *Id.* at 139 n.19-20.

Specific jurisdiction is present when the defendant's actions within the forum state or aimed at the forum state give rise to the plaintiff's cause of action. In determining whether specific jurisdiction is present, courts analyze the following factors: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *CareFirst of Md., Inc.*, 334 F.3d at 397 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002), *cert denied*, 537 U.S. 1105, 123 S. Ct. 868 (2003)). Litigants seeking to establish personal jurisdiction on this basis must show that a defendant "purposefully availed" itself of the privilege of conducting activities within the forum state by deliberately reaching into or targeting the forum state, such as to develop a market there or enter into a contract there. *Ford Motor Co.*, 141 S. Ct. at 1025. As a trade-off for allowing suit based on far less of a presence than required for general jurisdiction, specific jurisdiction further requires that the class of potential claims be narrowed only to those that specifically stem from such activities in the forum. *See Id.* Conversely, there can be no jurisdiction when there is no connection between the defendant's in-state activities and the plaintiff's cause of action. *Giannaris v. Cheng*, 219 F. Supp. 2d 687, 692 (D. Md. 2002). Stated otherwise, "[i]t is one thing to hold a corporation answerable for operations in the forum

State, quite another to expose it to suit on claims having no connection whatever to the forum State." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 133 (4th Cir. 2020).

In the present case, neither Defendant is headquartered or incorporated in Maryland. As noted above, Hard Rock STP is headquartered in New York and incorporated in Florida, and Hard Rock USA is both headquartered and incorporated in Florida. Moreover, neither entity can otherwise be said to be "at home" in Maryland under the strict standards set forth in *Daimler, AG*. In fact, only Defendant Hard Rock STP has any presence at all in Maryland, operating the Hard Rock Café restaurant in Baltimore. Accordingly, there is no basis to find general jurisdiction over either Defendant.

In terms of specific jurisdiction, there are no alleged facts suggesting a nexus between any activity by either of *these* Defendants in Maryland and Plaintiff's claimed injuries at the Hotel in Punta Cana. As to Defendant Hard Rock USA, there are no allegations that it conducts any activity in Maryland at all. As to Defendant Hard Rock STP, while it is true that Hard Rock STP is registered to do business in Maryland and operates the Baltimore Hard Rock Café restaurant as Plaintiff asserts, there is no nexus between that limited activity and the incident at issue in the case. And, while Plaintiff booked her hotel room at the event website DestinationWeddings.com, "who she understands to have some type of relationship with the Hard Rock," this vague assertion suggesting a possible relationship between that website and *these* Defendants is directly refuted by the sworn affidavits submitted by Defendants. (ECF No. 36-1 at ¶¶ 3-4).

Further, it is clear from the affidavits submitted that *these* Defendants play no role in the ownership or operations of Hard Rock Hotel Punta Cana. (ECF Nos. 36-1 at ¶ 5; 26-2 at ¶ 6; 26-3 at ¶ 5). Plaintiff's assertions regarding her encounters with the "Hard Rock" logo once at the Hotel in Punta Cana (ECF No. 33-3 at ¶ 9(a) - (d)) do not change this reality, especially given that

there are several "Hard Rock" entities beyond these Defendants, including non-party Hard Rock

Limited who licensed the logo to the Hotel.[2]  Where a plaintiff fails to provide facts in support of

a conclusory assertion of corporate relationship, the acts of the allegedly related entity will not be

attributed to the defendant in assessing personal jurisdiction.  *See Haley Paint Co. v. E.I. Dupont

De Nemours & Co.*, 775 F. Supp. 2d 790, 799-800 (D. Md. 2011).

On the facts summarized above, it is clear no personal jurisdiction exists over either named

Defendant under either a general or specific jurisdiction theory, and the Court would be prepared

to grant Defendants' Motion on that basis.  But even if the Court ignored this clear evidence and

instead assumed, *arguendo*, that the in-forum activities of the *Hotel* could be attributed to

Defendants for jurisdictional purposes, Plaintiff cannot demonstrate a *prima facie* case.

First, Plaintiff asserts that she booked her room through a third-party website,

DestinationWeddings.com.  (ECF No. 33-3 at ¶ 6).  Plaintiff does not disclose the state where that

website originates, but even if the Court assumes it is in Maryland, this Court has previously

rejected a similar argument.  In *Rao v. ERA Alaska Airlines*, 22 F. Supp. 3d 529, 539 (2014), Judge

Grimm rejected a claim of personal jurisdiction based on the plaintiffs' booking their airline

reservation through a Maryland-based website, which, in turn, utilized the Maryland-based Sabre

reservation system through Maryland-based Expedia to which Defendant made flight information

available.  In so doing, Judge Grimm relied on *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.,

Inc.,* 334 F.3d 390, 401 (4th Cir. 2003) and other Fourth Circuit precedent, stating:

> These cases demonstrate that the Fourth Circuit has been notably reluctant to extend
> personal jurisdiction to out-of-state defendants based on little more than their presence on
> the Internet.  The mere fact that information can be accessed from within the forum state
> does [not][3] subject the defendant to that state's jurisdiction, even when that information

---

[2] Additionally, all these encounters/representations occurred in the Dominican Republic, not Maryland.

[3] In the reported case, the text does not include the word "not," however the Court concludes that this is a typographical error given the context provided by the rest of the text.

specifically relates to persons or events in the forum state, so long as it was not intentionally directed there.  Nor does the mere fact that Marylanders may have engaged in transactions with an out-of-state defendant who did not deliberately direct its activities into the State.

*Id.* at 529 (internal citations omitted).

Similarly, Plaintiff asserts that she viewed a website, hardrockhotelpuntacana.com, with information about the Hotel, which, in turn informed her decision to book the hotel given "Hard Rock's" reputation for quality, safety and customer service.  (ECF No. 33-3 at ¶¶ 2 and 5).  But this very argument was rejected by the Fourth Circuit in *Fidyrich*, 952 F.3d 124 (4th Cir. 2020), a case involving nearly identical facts.  There, plaintiff was injured at a Marriott-affiliated property in Italy, booked through the Marriott website.  Like Plaintiff here, the plaintiff alleged that he requested a Marriott because he felt "comfortable" with the brand, and his confidence in the Italian hotel grew when he saw the Marriott logo displayed prominently on the website.  *Id.* at 139. Although acknowledging the interactive nature of the website and the ability of a forum plaintiff to make a reservation through the website (something the Plaintiff in this case did not do), the Fourth Circuit declined to find personal jurisdiction on this basis given that "the website is not directed at the residents of any particular forum" and that it did not demonstrate "that Marriott was targeting [forum] residents though its website."  *Id.* at 142-143.

Next, Plaintiff points to email correspondence between another member of the wedding party (the bride) and an employee of the Hotel speaking to the details of the wedding.  (ECF No. 33-3 at ¶ 9(f) and 33-3 at 15-17).  Putting aside that Plaintiff does not allege that the bride was in Maryland at the time, such "incidental communications in the form of telephone calls, emails, and letters do not necessarily form the basis for personal jurisdiction."  *Corradi v. Kolls*, No. 22-cv-011, 2022 WL 4006928, at *6 (W.D. Va. Aug. 31, 2022) (internal citations omitted); *see also Rao*, 22 F. Supp. 3d at 539 (declining to find jurisdiction based on "the mere fact that Marylanders may

have engaged in transactions with an out-of-state defendant who did not deliberately direct its activities into the State.").

Finally, Plaintiff attaches pages from the AAA travel magazine sent to her in Maryland which contains an article (not authored by the Hotel or any Hard Rock entity) about "best islands for budget travelers" that includes a mention of the Hotel, among others. (ECF No. 33-13). Again, an article by an unaffiliated third party that happens to mention the Hotel along with others in no way demonstrates a targeting of Maryland residents by the Hotel.

In sum, even taking these allegations in the light most favorable to Plaintiff, the forum contacts described demonstrate neither the requisite "purposeful availment" nor do they satisfy the nexus requirement between any such contact and Plaintiff's claim. Accordingly, Plaintiff has not shown *prima facie* evidence of specific personal jurisdiction over Defendants. Because the Court is dismissing the case on jurisdictional grounds without reaching the underlying merits, the dismissal is without prejudice. See *Hong Tang v. Univ. of Balt.*, 782 F. App'x 254, 256 (4th Cir. 2019).

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for lack of personal jurisdiction is GRANTED without prejudice.